J-A33016-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| TYWAN JONES | : | |
| Appellant | : | No. 437 WDA 2016 |

Appeal from the Judgment of Sentence Dated March 9, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000999-2015

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED: APRIL 11, 2017**

I join the majority memorandum.  Specifically, I agree that under the facts of this case it was not reversible error for the trial court to deny Appellant's request for individual *voir dire*.  I write separately to point out that there are cases where individual *voir dire* is appropriate.

In **Commonwealth v. Penn**, 132 A.3d 498, 499 (Pa. Super. 2016), a police officer observed Penn "drive through a clearly posted stop sign." The police officer stopped the Penn's vehicle, discovered heroin, and arrested Penn.  During *voir dire*, a juror stated that because she had training and currently works in the security industry, she would be more likely to believe the testimony of a police officer.  Penn moved to strike this juror for cause, and the trial court denied Penn's motion.

_____
*Retired Senior Judge assigned to the Superior Court.

At trial, the only witnesses presented by the Commonwealth were two police officers, and the jury found Penn guilty. On appeal, Penn argued that it was reversible error to permit that juror to remain on the jury when she stated during *voir dire* that she would be more likely to believe the testimony of a police officer. This Court held that the "trial court abused its discretion when it denied [Penn's] challenge to excuse [that juror] for cause." *Id*. at 505.

This Court pointed to three specific factors in support of this conclusion. First, the juror initially indicated that she would be more likely to believe the testimony of a police officer. This Court emphasized that "the Commonwealth's entire case rested upon the credibility of the police officers, given that the Commonwealth's only two witnesses at trial were City of Pittsburgh Police detectives." *Id*. at 504. Additionally, the juror's "admitted bias in favor of the police rested upon a firm bedrock" because she has training and works in a related field. Finally, upon additional questioning, the juror reiterated her bias.

In this case, individual *voir dire* to probe bias was unnecessary because the Commonwealth's case did not rely primarily upon testimony of police officers. The issues in the case revolved around what happened during a fight at a bar, which police officers did not observe. Accordingly, I

agree with the majority that Appellant's judgment of sentence should be affirmed.